IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RONNIE EUGENE CURRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-10-407-JHP |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Ronnie Eugene Curry (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. See, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant - taking into account his age, education, work experience, and RFC - can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. See generally, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on December 6, 1946 and was 62 years old at the time of the ALJ's decision. Claimant received his GED while in the Army. Claimant has worked in the past as a sweeper operator and bus driver. Claimant alleges an inability to work beginning January 5, 2007 due to limitations resulting from rheumatoid

arthritis, gout, mental problems, and experienced pain in his back, hips, and between his shoulder blades.

### Procedural History

On June 26, 2007, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On June 18, 2009, an administrative hearing was held before ALJ Charles Headrick in Tahlequah, Oklahoma. On September 22, 2009, the ALJ issued an unfavorable decision on Claimant's application. On September 3, 2010, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform his past relevant work as a sweeper operator.

### Errors Alleged for Review

Although not expressly set out with clarity, it appears that Claimant asserts the ALJ committed error in: (1) failing to find Claimant's mental and emotional impairments to be severe; and (2) failing to properly evaluate Claimant's credibility.

**Claimant's Impairments**

In his decision, the ALJ determined that Claimant suffered form the severe impairments of degenerative joint disease and hypertension. (Tr. 22). As a result, the ALJ determined Claimant's RFC to include a full range of light work with limitations on Claimant's ability to lift and carry to 20 pounds occasionally and 10 pounds frequently in an 8 hour workday, standing and walking limited to at least 6 hours in an 8 hour workday, and sitting limited to at least 6 hours in an 8 hour workday. (Tr. 24).

Claimant contends he also suffered from the severe impairments of arthritis, post traumatic stress disorder ("PTSD") and depression which the ALJ did not include in his list of Claimant's impairments. Claimant's references to the medical records are scant, but he specifically indicates the reports of Dr. Joel S. Cheong and Dr. Geo Chacho support his assertion of additional impairments.

Dr. Cheong examined Claimant on March 21, 2005. He found

5

Claimant had normal posture and normal gait. He also determined Claimant's hip was "within normal limits on examination." (Tr. 147). He noted Claimant complained of pain, fatigue, weakness, and lack of endurance "after repetitive use" but "no incoordination with repetitive use." Id. An examination of Claimant's cervical spine revealed an absence of radiation on movement, absence of muscle spasm, and absence of tenderness. Pain occurred only at the maximum range of motion. Claimant's thoracolumbar spine showed some radiation of the thoracic to the neck and lumbar to the hips but no muscle spasms or tenderness was noted. Straight leg raising was positive at 60 degrees on the right and 40 degrees on the left. Pain was reported with repetitive use but no fatigue or weakness was noted and no evidence of chronic or permanent root nerve involvement was found. Id.

Dr. Cheong concluded he was unable to make a diagnosis on Claimant's assertion of degenerative arthritis of the hips. He further found no pathology to render a diagnosis of claimed degenerative arthritis of the neck. Dr. Cheong did note mild scoliosis in the thoracolumbar spine. (Tr. 148).

The ALJ discussed Dr. Cheong's report but did not find the opinions provided supported a finding of disability. (Tr. 26, 28). This Court concurs. Nothing in Dr. Cheong's report would indicate

Claimant's impairment attributable to arthritis was any more severe than that which was found by the ALJ.

Claimant also references the report of Dr. Chacko in support of his position. Dr. Chacko examined Claimant on March 6, 2007. Dr. Chacko noted Claimant's complaints of pain in his hips. Claimant reported that the pain could be relieved by rest and medication and that Claimant can function with medication. Upon examination, Dr. Chacko found Claimant had no signs of abnormal weight bearing, had normal posture and gait, exhibited no edema, effusion, weakness, tenderness, redness, heat, abnormal movement, subluxation, or guarding of movement. Dr. Chacko found Claimant to have normal range of motion in his hips and thoracolumbar spine and no muscle spasms or tenderness. After repetitive use, Claimant had no fatigue, weakness, lack of endurance, problems with coordination, or radiating pain. (Tr. 151).

Dr. Chacko further found negative straight leg raising, normal motor function, normal sensory function, and equal reflexes in Claimant's legs. Claimant was found to be limited only in performing strenuous daily activities. (Tr. 152). As with Dr. Cheong, nothing in Dr. Chaco's report would support Claimant's assertion of a disabling impairment due to arthritis.

Claimant is also critical of the ALJ's failure to include

hearing loss in his RFC. Claimant's hearing was tested by Mike Ward, M.S. on March 10, 2007. Mr. Ward found that while Claimant had some hearing loss and tinnitus, he maintained 86% speech recognition in the right ear and 90% speech recognition in the left ear. Claimant's tinnitus was present since 1968 when Claimant was in the military firing artillery. (Tr. 153). Mr. Ward found the condition could improve with treatment with hearing aids. (Tr. 154). It should be noted that Claimant did not identify hearing loss as an impairment affecting his ability to work at any time in the application process or during the hearing. Nothing in the record would indicate that the condition impairs his ability to engage in substantial gainful activity.

Claimant next contends the ALJ should have considered his PTSD in his RFC evaluation. Claimant indicates that the Veterans Administration ("VA") determined he was 50% disabled for his PTSD - Major Depressive Disorder. The medical record indicates Claimant was attended for depression on October 11, 2006. Claimant complained of anger, irritability, sadness, and trouble concentrating and with his memory. (Tr. 173). Claimant was diagnosed at Axis I - Depressive Disorder, NOS; Axis II - Personality Disorder, NOS; Axis III - Deferred; Axis IV - Anger, arthritis, lives with elderly mother; and Axis V - GAF of 65. Id.

On March 26, 2007, Claimant had a follow-up appointment for his mental condition with the VA. He was found to be alert, cooperative, well groomed in jeans and ball cap with a normal gait and no tremor. His mood/affect was noted to be euthymic, appropriate serious with occasional partial smile, coherent, with no thoughts of harm to himself or others, no psychosis and intact cognitive function. (Tr. 163). Claimant's treatment with psychotropic medications was "helpful" with no side effects. (Tr. 198). It is compelling though not binding to note that although Claimant states in his brief that he was found 50% disabled as a result of his PTSD, the medical record does not reflect this finding. Claimant's only reference to the record in his brief for this finding is a citation to p. 39-40 which is Claimant's own testimony at the administrative record. Rather, the VA records indicate Claimant was found to be 10% disabled due to limited extension of his thigh, 10% disabled due to tinnitus, and 40% disabled due to degenerative arthritis of the spine. (Tr. 178, 180).

A Psychiatric Review Technique form was completed on Claimant by Doris E. LeBlanc on September 17, 2007 which was reviewed by Dr. Karen Kendall. She concluded Claimant suffered from depression which did not constitute a severe impairment. The only limitation

9

from the condition found by Ms. LeBlanc was a mild limitation in difficulties in maintaining social functioning. (Tr. 216-226).

In short, the ALJ considered the totality of the records concerning Claimant's medical records. (Tr. 22-24). He concluded that Claimant's mental impairment caused no more than mild limitation in the three functional areas and no episodes of decompensation and that the condition was not severe. (Tr. 23). This conclusion is well-supported by the medical record and this Court finds no error in the ALJ's findings.

### Credibility Determination

Claimant also appears to challenge the ALJ's credibility findings. The ALJ found that while Claimant's complaints were not all discounted, the evidence does not support a medically determinable severe impairments beyond the findings in his RFC determination. (Tr. 28). It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's

daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

This Court finds the ALJ's findings on Claimant's credibility are supported by his analysis of Claimant's testimony and the facts in the medical record. As a result, the ALJ's credibility analysis is well-founded.

**Conclusion**

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security

Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 8th day of February, 2012.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE